| | | |
|---|---|---|
| BELLSOUTH TELECOMMUNICATIONS,<br>LLC d/b/a AT&T TENNESSEE, | ) | |
| | ) | **Case No. 3:16-CV-2509** |
| Plaintiff, | ) | |
| | ) | **Judge Sharp** |
| v. | ) | **Magistrate Judge Holmes** |
| | ) | |
| THE METROPOLITAN GOVERNMENT<br>OF NASHVILLE AND DAVIDSON<br>COUNTY, TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| COMCAST OF NASHVILLE I, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 3:16-cv-2794** |
| | ) | |
| v. | ) | **Judge Sharp** |
| | ) | **Magistrate Judge Holmes** |
| THE METROPOLITAN GOVERNMENT<br>OF NASHVILLE AND DAVIDSON<br>COUNTY, TENNESSEE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' EMERGENCY MOTION FOR REVIEW OF INITIAL CASE MANAGEMENT ORDER[1]

Defendants Metropolitan Government of Nashville and Davidson County Tennessee,

Megan Barry, in her official capacity as Mayor ("Mayor Berry"), and Mark Sturtevant, in his

official capacity as Transitional Interim Director of the Department of Public Works ("Mr.

Sturtevant") (collectively "the Metropolitan Government"), pursuant to Local Rule 72.02(b),

---

[1] Due to the brief nature of this Motion, the Metropolitan Government requests that the Court allow Defendants to combine the Motion and Memorandum of Law into a single document.

hereby file a Motion for Review to ask the Court to strike the Initial Case Management Order filed by the Magistrate Judge and to remand for further proceedings. This Motion is urgent in nature because it challenges the December 21, 2016 deadline for Plaintiffs to file summary judgment in this case. The Magistrate Judge's order may be modified or set aside if it is clearly erroneous or contrary to the law or in the interests of justice. L.R. 72.02.

On November 21, 2016, the Magistrate Judge held an initial case management conference in this case. (See Doc. #38, Initial Case Mgmt. Order.)[2] As a result of that hearing, the Magistrate Judge ordered that Plaintiffs could file for summary judgment at the same time that they respond to Defendants' Motions to Dismiss, thereby allowing this Court to consider the dispositive motions together. (Id. at PageID #448-49.) The Magistrate Judge also ordered that discovery would not commence unless Plaintiffs' summary judgment motions included supporting affidavits. (Id. at PageID #449.) The Order includes no mechanism to permit Metro to file for summary judgment to compete with Plaintiffs' summary judgment motions. The Metropolitan Government respectfully contends that the Order is clearly erroneous and contrary to the interests of justice.

The Magistrate Judge's order has effectively compromised the Metropolitan Government's ability to adequately defend itself in this case in several ways. First, the Order prohibits Metro from filing summary judgment motions in this case to compete with Plaintiffs' summary judgment motions. Presently, the Metropolitan Government has Rule 12(b)(6) Motions to Dismiss pending before this Court. (Doc. #23 and 36.) However, these motions do not fully encompass the materials that Metro would file at summary judgment. When Metro filed its

---

[2] The Metropolitan Government moved to continue the setting of the case management conference as premature because Metro's pending Motions to Dismiss included jurisdictional and standing issues, the resolution of which would make case management scheduling more effective. (Doc. #29, Defs.' Motion to Continue Case Mgmt. Conf.) The Magistrate Judge denied this Motion. (Doc. #34, Nov. 16, 2016 Order.)

Motion to Dismiss AT&T's Complaint, it rightfully anticipated a future summary judgment deadline, so it did not file any supporting affidavits, declarations, or other materials that would ordinarily accompany a summary judgment motion.[3] Now, by the Magistrate Judge's Order, Plaintiffs are entitled to file for summary judgment but Metro does not have that right. This is patently unfair to Metro.

Second, Metro is prejudiced by not having its Motion to Dismiss considered separately and prior to the Court ruling on any summary judgment motions. At the initial case management conference, Metro proposed that this case follow the normal case management procedure, but Plaintiffs insisted on an expedited schedule. (Doc. #31, Proposed Initial Case Mgmt. Order at PageID #408-11) Metro's proposed schedule allowed this Court to rule on its pending motions to dismiss, followed by a brief discovery period, and eventually concluding in a summary judgment deadline for all parties. Metro's proposed schedule was consistent with the Rules of Civil Procedure, which entitle Defendants to two chances to have a case dismissed before trial: once at the outset of the case through a motion to dismiss and once at the conclusion of discovery through a motion for summary judgment. The Magistrate Judge's Order has effectively precluded Metro from exercising its rights under Rule 56.

Third, Metro is prejudiced by the fact that by putting Defendants' motion to dismiss head-to-head against Plaintiffs' summary judgment motions, Metro must meet a higher burden of proof to succeed than Plaintiffs must meet. Under Metro's Rule 12 motion, the Court must accept the allegations in Plaintiffs' Complaints as true. FED. R. CIV. P. 12. However, the Court will be permitted to weigh the evidence under Plaintiffs' summary judgment motions. FED. R.

---

[3] As a concrete example of supporting documentation the Metropolitan Government would file at summary judgment, Metro would have filed declarations demonstrating that its decision to enact the Climb Once Ordinance was reasonable and necessary in light of other alternatives, which is a defense to Plaintiffs' Contracts Clause claims. (See Defs. Mem. L Supp. Mot. Dismiss AT&T's Compl. at PageID #317-20.)

CIV. P. 56. This creates an unfair playing field. As an example, under Plaintiffs' Contracts Clause claims, Metro has to demonstrate that Climb Once was reasonable and necessary in light of alternative measures as a matter of law, but Plaintiffs will be entitled to win on that same claim merely by demonstrating that no reasonable jury could hold that Climb Once was reasonable and necessary in light of alternative measures. Permitting Plaintiffs' motions to be considered simultaneously with Defendants' motions using different standards is unfairly prejudicial to Metro.

Fourth, Metro is prejudiced by not being allowed to take discovery in this case prior to summary judgment. Under the terms of the Magistrate Judge's Order, the Metropolitan Government is denied discovery until after the Court has resolved Plaintiffs' summary judgment motions (so long as Plaintiffs do not file any affidavits) and Metro's motions to dismiss. This prohibits Metro from conducting discovery that Metro believes is necessary in order to file for its own summary judgment or to adequately defend the filing of summary judgment against it. For instance, Plaintiffs have alleged the following factual allegations that Metro needs to explore before summary judgment can be ruled upon: (1) Climb Once is unreasonable and unnecessary (a necessary element for Plaintiffs' state and federal Contracts Clause claims) (Doc. #1, AT&T Compl. at ¶ 47; Doc. #1, Case No. 3:16-cv-2794, Comcast Compl. at ¶ 67); (2) other alternative measures to Climb Once could have served Metro's policy goals equally effectively (same) (Comcast Compl. at ¶ 67); (3) fifteen days constitutes insufficient notice for Plaintiffs to move their attachments (applies to reasonableness of Climb Once) (AT&T Compl. at ¶ 19; Comcast Compl. at ¶ 25); (4) circumstances have not changed substantially since the contract between AT&T and NES in 1958 (same) (AT&T Compl. at ¶ 47); (5) Climb Once will cause irreparable harm (applies to the necessity of a declaratory judgement) (AT&T Compl. at ¶ 32, 40; Comcast

Compl. at ¶ 39, 42, 43); (6) Climb Once will cause 911 emergency call and aviation interference (same) (Comcast Compl. at ¶ 44); and (7) Comcast has its own safety and engineering code that NES-approved contractors do not abide by (same) (Comcast Compl. at ¶ 46). Also, Plaintiffs have invoked the Court's diversity jurisdiction, which requires a demonstration that the amount in controversy exceeds $75,000. (AT&T Compl. at ¶ 23-26; Comcast Compl. at ¶ 7.) The Metropolitan Government is entitled to explore all of these issues and others before it files or responds to summary judgment.

Fifth, by permitting Plaintiffs to file for summary judgment, the Magistrate Judge has effectively denied the Metropolitan Government's Motions to Dismiss. These motions set forth grounds for the Court to consider and rule upon that, if granted, would have prohibited Plaintiffs from being able to file summary judgment, including challenging Plaintiffs' constitutional standing and pointed out that they failed to include NES as a necessary party to the lawsuit[4]. (Doc. #24, Defs. Mem. L. Supp. Mot. Dismiss AT&T's Compl. at PageID #302-306.) Metro's motions also sought to have primary jurisdiction over the federal preemption issues referred to the Federal Communications Commission. (Id. at PageID #300-302.) By not allowing the Court to rule on these traditional Rule 12 issues prior to ruling on summary judgment, the Magistrate Judge has effectively denied Metro's motion to dismiss.

## CONCLUSION

Metro has stated repeatedly that there is no reason to rush this case to a resolution. Plaintiffs made the strategic choice not to seek a preliminary injunction, and there is no emergent situation that justifies conflating the motion to dismiss and summary judgment deadlines in this case. Metro contends that because the Magistrate Judge's Initial Case Management Order

---

[4] If the Court agrees with the Metropolitan Government that NES is an indispensable party, then NES is substantially likely to be prejudiced as well by virtue of not having had the opportunity to participate in the initial case management conference or to contribute to the operative scheduling order in any way.

combines these deadlines and effectively prohibits discovery until after Plaintiffs' summary judgment has been ruled upon, the Order is clearly erroneous and should be set aside in the interests of justice as it is unfairly prejudicial to Defendants.

Respectfully Submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
JON COOPER (#23571)
DIRECTOR OF LAW

/s/ R. Alex Dickerson
Jeff Campbell (#22455)
R. Alex Dickerson (#27184)
Christopher M. Lackey (#26419)
Assistant Metropolitan Attorneys
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
*Counsel for the Metropolitan Government,*
*Mayor Megan Barry, and Mark Sturtevant*

## Certificate of Service

This is to certify that a copy of the foregoing has been forwarded via the court's ECF/CM system to:

William L. Harbison
John L. Farringer IV
Sherrard Roe Voigt Harbison, PLC
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
*Counsel of BellSouth Telecommunications, LLC*

Kevin T. Elkins
Robb S. Harvey
Waller, Lansden, Dortch & Davis, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219
*Counsel for Comcast of Nashville I, LLC*

Christian F. Binnig
Hans J. Germann
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
*Counsel of BellSouth Telecommunications, LLC*

Matthew A. Brill
Matthew T. Murchison
Melissa Arbus Sherry
Scott D. Gallisdorfer
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
*Counsel for Comcast of Nashville I, LLC*

on this the 14th day of December, 2016.

/s/ R. Alex Dickerson
R. Alex Dickerson