UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENESSEE
NASHVILLE DIVISION

BELLSOUTH TELECOMMUNICATIONS,
LLC, d/b/a AT&T TENNESSEE,

    Plaintiff,

v.                                       Case No. 16-CV-2509
                                         Honorable Victoria A. Roberts

THE METROPOLITAN GOVERNMENT     Magistrate Judge Holmes
OF NASHVILLE AND DAVIDSON
COUNTY, TENESSEE

    Defendants.

_____

COMCAST OF NASHVILLE I., LLC,

    Plaintiff,

v.                                         Case No. 16-CV-2794
                                        Honorable Victoria A. Roberts THE

METROPOLITAN GOVERNMENT         Magistrate Judge Holmes
OF NASHVILLE AND DAVIDSON
COUNTY, TENESSEE

    Defendants

_____

## NOTICE OF SETTLEMENT CONFERENCE

1.     Settlement Conference date and time: <u>Thursday, October 12, 2017 at 8:30 am,</u> <u>United States District Court, 801 Broadway, Nashville, TN., Room: TBD</u>.

2.     Date to submit Confidential Pre-Settlement Conference Summary: <u>10/5/17</u>.

    PLEASE NOTE: The parties are required to discuss settlement and exchange

numbers before submitting the Confidential Pre-Settlement Summary. Failure of any

1

party to engage in the pre-settlement conference process may result in the imposition of sanctions.

At the Settlement Conference, parties (and insurance company representatives) must appear and must have full settlement authority. Such persons and entities are ordered to prepare for and participate in the Settlement Conference in objective good faith.

For the Defendant, the representative must have final authority, in the representative's own discretion, to pay a settlement amount up to Plaintiff's last demand. If this representative is an insurance company, the representative must have final authority to commit the company to pay, in the representative's own discretion, an amount up to the Plaintiff's last demand if within policy limits, or if not within policy limits, the limits of the policy, whichever is lower.

For a Plaintiff, such representative must have final authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to Defendant's last offer, whichever is higher.

**SANCTIONS WILL BE IMPOSED IF THE PARTY WITH FULL SETTLEMENT AUTHORITY FAILS TO APPEAR.**

In preparation for the Settlement Conference, each side must provide the Court with the following information. Please deliver one copy directly to chambers. **Do not electronically file; do not serve opposing counsel.**

**CONFIDENTIAL
PRE-SETTLEMENT SUMMARY**
(to be submitted only to the Court)

1. Name of the case, including docket number (Pre-Settlement Summary must be prepared in pleading format, double spaced and include page numbers):

2. Name of party submitting this form:

3. Name, address, phone (including cell phone), e-mail and fax number of submitting party/attorney:

4. Listing of the pleading demands for damages, declaratory judgments and language for any requested injunction:

5. For the Plaintiff, how you intend to prove damages:

6. For the Defendant, how you intend to meet Plaintiff's claim of damages:

7. Circle one of the following as to the status of discovery: (i) little or none; (ii) moderate amount, but incomplete; or (iii) essentially complete or complete.

8. Identify discovery/information <u>essential</u> to forming a realistic settlement position (this is not to be a listing of what you will present at trial, but what you need to discuss settlement):

9. List the primary disputed factual issues:

3

10. Is there a key factual issue where a non-binding early neutral evaluation might significantly advance settlement prospects? What is it?

11. List the primary disputed legal issues and what your burden of proof is. Discuss any difficulties you foresee in meeting your burden of proof.

12. Is there a key legal issue that, if resolved, could significantly advance settlement prospects? *E.g.*, stipulated cross-motions for partial summary judgment, or a *Markman* ruling in a patent case.

13. Chronological summary of settlement offers and responses (use separate sheet if necessary):

14. Honest evaluation, Plaintiff, of what you will settle for and, Defendant, what you will pay. The parties are urged to state serious evaluations. If it appears from the figures provided that settlement would be futile, the Court **WILL CANCEL** the Settlement Conference and simply provide dates through trial. An exercise in futility, for example, would be one in which the Plaintiff states he/she will settle for $300,000, and the Defendant will only pay $10,000. Remember, the figures you provide are for the Court only, and not opposing counsel.

15. Brief description of non-monetary interests and objectives of submitting party:

4

Case 3:16-cv-02509 Document 98 Filed 09/26/17 Page 4 of 6 PageID #: 1246

16. Description of likely or possible ongoing or future relationships between the parties:

17. Brief description of sensitive topics:

18. Does any party representative likely to attend the settlement conference have an extreme dislike for any other person likely to attend on behalf of the other party? Who? Why?

19. List the two or three strongest points in your case:

20. List the two or three weakest points in your case:

21. How would you present this case if you were on the opposing side? (it is exceedingly important that you present this section objectively. **Do Not** resort to becoming advocate, again, on behalf of your client.)

22. Litigation expenses to date, and your estimate of costs/attorney fees if this matter goes to trial:

23. A statement acknowledging that the parties discussed settlement as part of their preparation of this Confidential Pre-Settlement Summary.

24. On the date of the conference, parties/counsel should be prepared to present an oral summary of the case.

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 9/26/17